**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CAROLYN BOSTICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1305-CR-226 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F18-1112-FD-85610

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Carolyn Bostick appeals her conviction for theft, as a Class D felony, following a bench trial. Bostick raises a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 5, 2011, Earron Coy, the loss prevention supervisor for Burlington Coat Factory ("Burlington") at the Washington Square Mall in Indianapolis, observed "two females come into the store and select a display stroller." Transcript at 11. The two women then "started to push [the stroller] throughout the store with no child." Id. Coy thought this behavior was "suspicious" because "there was no child present." Id. at 11-12. Coy continued to observe the two women, and he witnessed them "select[] multiple items of kids' clothing and put[] it in the main part, [the] child seat of the stroller." Id. at 12. The women then "covered up" the merchandise "with a blanket, which was also Burlington's," and "passed all points of payment and walked outside." Id. at 13.

As the women left the store, Coy called Duncan Flagg, an off-duty Marion County Sheriff's Deputy who was working security at the mall. Coy and a loss prevention associate followed the two women outside and "approached them as they were trying to load the merchandise into their car." Id. at 14. Deputy Flagg then arrived, "placed [both women] in handcuffs[,] . . . and escorted [them] back into the store." Id. Coy recovered the merchandise and Deputy Flagg "began . . . arrest paperwork." Id. at 20.

On December 6, 2011, the State charged Bostick with theft, as a Class D felony, for her participation in the theft of merchandise from Burlington. At her ensuing bench

trial on January 30, 2013, the State called Coy and Deputy Flagg as witnesses. Although Coy thought Bostick looked "familiar" at trial, he could not specifically identify her. Id. at 11. Deputy Flagg, on the other hand, recognized Bostick's name and face from the December 5 incident, and he correctly identified her in the courtroom. Id. at 18-19. The trial court found Bostick guilty of theft, as a Class D felony, and it sentenced her accordingly. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Bostick asserts that the State failed to present sufficient evidence to support her conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

Bostick concedes that the State's evidence demonstrated that a theft occurred from Burlington on December 5, 2011, but she argues that the State did not present sufficient evidence to demonstrate that she was one of the two women who committed that theft. Bostick's entire appeal is founded on Coy's inability to identify Bostick at trial, which occurred more than thirteen months after the theft. We cannot agree with Bostick that Coy's failure to identify her requires this court to vacate her conviction.

3

The State presented sufficient evidence to demonstrate that Bostick was one of the two women who committed the theft from Burlington.  Coy testified that he had observed the women loading merchandise into a childless stroller and leave the store with the merchandise.  He then followed the women to their car and confronted them, at which time Deputy Flagg arrived and took control over the matter.  And Deputy Flagg did identify Bostick at her trial.  Bostick's argument on appeal is merely a request for this court to reweigh the evidence, which we will not do, and her reliance on case law in which we held the State had presented insufficient evidence to support a conviction is plainly inapposite on these facts.  We affirm her conviction.

Affirmed.

BAKER, J., and CRONE, J., concur.